UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

Plaintiff,

v.

MIDLAND TRUCKING, Division of JIMCO, Inc., a Washington Corporation,

Defendant.

CASE NO. C07-0107-MJB

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The plaintiff brought suit to recover trust fund contributions, liquidated damages, interest, attorneys fees and court costs based upon the defendant's alleged delinquency on its contributions after a court-ordered audit. The plaintiff has moved for summary judgment on the grounds that the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(c)(1) ("ERISA"), mandates defendants to follow the collective bargaining agreement with Teamsters Local 760 ("Local 760") (Dkt. No. 13, Ex C and D) and Washington Teamsters Welfare Trust ("Welfare Trust"). Dkt. No. 13, Ex. E.

ORDER GRANTING SUMMARY JUDGEMENT - 1

The parties consented to have this matter decided by the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (c). Having reviewed plaintiff's motion and opposing memorandum, supporting materials, and the balance of the record, the Court GRANTS plaintiff's motion for summary judgment. Dkt. No. 8.

## II. PROCEDURAL HISTORY

On January 23, 2007, plaintiff filed a Complaint to Collect Trust Funds Pursuant to Audit against the defendant Midland Trucking. Dkt. No. 1. On March 8, 2007, the plaintiff, Northwest Administrators, Inc., filed its answer to the plaintiff's complaint. Dkt. No. 4. On March 25, 2007, Plaintiff moved for summary judgment supported by declarations from Donald Ditter and Thomas A. Leahy. Dkt. Nos. 8, 9 and 10. Defendant's opposing memorandum (Dkt. No. 12) was filed along with a declaration of James A. Sherrell on May 11, 2007. Dkt. No. 13. On May 22, the plaintiff filed its reply. Dkt. No.15.

In a prior action before this Court (C06-400-JPD), the Honorable James P. Donohue outlined the undisputed history between Teamsters Local 760 and the defendant Midland Trucking, their collective bargaining ("CBA") and Trust Fund agreements. In that suit, Judge Donohue found the Trust Fund agreement provided "broad rights to compel an audit of relevant records, and that the plaintiffs have " sole authority" to interpret the scope [of the audit] under the Subscription Agreement." Judge Donohue rejected defendant Midland's argument that it should not be required to submit to the audit.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment under Fed. R. Civ. P. 56 may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. An issue of material fact is one that affects the outcome of the case and requires a trial to resolve differing versions of the truth. *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). In deciding the motion, the court views the evidence in the light most favorable to the non-moving party, and draws

ORDER GRANTING SUMMARY JUDGEMENT - 2

all reasonable inferences in that party's favor. *Poller v. Columbia Broadcasting System, Inc*., 368 U.S. 464, 473 (1962); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). To defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Id*. at 630-31. However, the non-moving party must respond to an adequately supported motion by showing that a genuine issue of material fact exists; if the response falls short of that, summary judgment should be granted. *Id*. Fed. R. Civ. P. 56(e).

## IV.   BACKGROUND

The plaintiff argues that ERISA mandates defendant Midland to follow the collective bargaining agreements. *See*, 29 U.S.C. §1145 and *Central Pennsylvania Teamster Pension Fund v. McCormick Dray Line, Inc*., 85 F.3d 1098 (3rd Cir. 1996). Following a court-ordered audit of defendant Midland's payroll records, the plaintiff as administrator of the CBA and Trust Fund agreements determined that defendant Midland owed $27,964.00 and was delinquent under the terms of the collective bargaining agreement for the time period of January 1, 2002 through May 31, 2005. Dkt. No. 8 at 10.

In support of the contractual obligation and the audit of defendant Midland's records, Plaintiff proffers the declaration of Donald Ditter and the field auditor's report, working file and summary. After reviewing reports from 2000 through 2005, the auditor summarized the issues as failures to report the following: all eligible employees, a NBU employee, a part-time employee and a termed employees (a total of 13 in number). Dkt. No. 9 Ex. G at 5-6. In his declaration, Thomas A. Leahy explains how the sum of $27,964.00 in contributions was determined, and also adds liquidated damages, interest and attorney fees for a total sum of $40,800.09. Dkt. No. 9 Ex. H. Moreover, defendant Midland has made a partial payment of $6,600.00. Dkt. No. 16 Ex. I.

Defendant Midland Trucking contends that it is not liable for damages and asserts that there are two material issues of fact, (1) defendant Midland Trucking is not the party of interest because it

ORDER GRANTING SUMMARY JUDGEMENT - 3

was not a signatory to the collective bargaining agreement or Trust Fund, and (2), that two of the employees it is responsible for under the audit analysis are not covered employees. Dkt. No. 13 at 4 Ex. F and G.

## V.  DISCUSSION

A. *Collateral Estoppel*

Collateral estoppel, also known as claim preclusion, bars re-litigation of issues actually adjudicated in previous litigation between the same parties. *Steen v. John Hancock Mutual Life Insurance Company*, 106 F.3d 904 (9th Cir.1997).  The plaintiff urges that defendant Midland has waived any right or is estopped from claiming it does not have a contract with Teamsters Local 760 or the Trust Fund and that a prior summary judgment satisfies the litigation requirement. *Id.* The plaintiff correctly cites to the four factors the court must consider under the doctrine of collateral estoppel:

(1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advance in the first?

(2) Does the new evidence or argument involve the application of the same rule or law as that involved in the prior proceeding?

(3) Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?

(4) How closely related are the claims involved in the two proceedings?

*Id.* At 912.

The defendant frames this issue as not being a "party in interest." Defendant Midland argues that it is not bound by the CBA or Trust Fund agreement because it was not a signatory to that agreement. Dkt. No. 13, Ex. E.  The plaintiff concedes that Midland Transportation, not defendant Midland Trucking, is the signatory on the contracts with the union, but argues that defendant Midland Trucking and Midland Transportation are the same company, sharing the same business address, and the same president. Dkt. No. 15 at 6.  Additionally, Plaintiff argues that defendant Midland has

ORDER GRANTING SUMMARY JUDGEMENT - 4

1   already admitted to having a contract with Local 760 and the Trust Fund supporting this by the answer

2   filed in the previous litigation. Dkt. No. 16, Ex. B at 2. Further, the plaintiff argues that the president

3   of Midland Trucking and formerly president of Midland Transportation, James A. Sherrell, has

4   admitted in the previous litigation to the contractual relationships under the CBA and the Trust Fund.

5   Dkt. No. 12, Ex. F.

6   Legal privity is a conclusion "designating a person so identified in interest with a party to

7   former litigation that he represents precisely the same right in respect to the subject matter involved.

8   *In re Schimmels v Schimmels,* 127 F.3d, 875 (9th Cir.1997) *(Citations omitted)*. Under these facts,

9   the Court is satisfied that there is legal privity between defendant Midland Trucking and Midland

10  Transportation, the signatory to the two agreements at issue, for purposes of collateral estoppel.

11  Substantial overlap exists in the instant case because the Complaint to Compel Audit in this

12  case pertains to the same time period, the same CBA and Trust Fund. Dkt. No. 15 Ex. A. As the

13  plaintiff argues, nothing has changed in that the parities continue to be governed by ERISA. The

14  obligation under the collective bargaining agreement that gave rise to the audit is inseparable from this

15  claim. In fact, the plaintiff points to the defendant making a partial payment of $6,600.00 for

16  delinquent contributions. The Court, therefore finds that defendant Midland is estopped from

17  asserting it does not have to make contributions under its agreements with Local 760 and Welfare

18  Trust.

19  The only potential factual dispute pertains to defendant Midland's objection to the inclusion of

20  two employees, yet as the plaintiff argues, defendant Midland has provided no "valid testimony" in

21  support of its objection. Defendant Midland has submitted a hand-written statement with no other

22  information or explanation. See, Dkt. No. 13 Ex G. The plaintiff argues that the records provided

23  cannot be relied upon as properly authenticated, or supported by time-sheets or payroll records. Dkt.

24  No. 15 n.6.

25

26  ORDER GRANTING SUMMARY JUDGEMENT - 5

1  Defendant's argument for not making contributions for Earl Cooksey and Harold Barnhard is
2  based upon its assertion that Cooksey was not working in the bargaining unit from January 1, 2002
3  through May 31, 2005, and that Barnhard periodically resigned. These assertions must be
4  corroborated. Proper support may be found in payroll records, which the plaintiff asserts has not been
5  done for either employee. Additionally, the plaintiff argues that Cooksey is a covered employee
6  inasmuch as the Subscription Agreement between the parities that applies to non-bargaining unit
7  employees also requires defendant Midland to make contributions. Support for this is found in Donald
8  Ditter's Declaration. Dkt. 16, Ex. D at 4. As area manager for Northwest Administrators, Ditter has
9  custody of the Trust Fund records and files and states that these employees are eligible. "Eligible
10 employees were defined as 'any employee of the Bargaining Unit who was compensated for eighty(80)
11 hours or more in the preceding month.'" *Id*. The handwritten statement from Cooksey submitted by
12 the defendant does not address the key factual predicate, the number of hours worked, and thus does
13 not raise a material fact. In the absence of payroll records, defendant Midland has not raised a genuine
14 issue of material fact regarding both employees, Cooksey and Barnhard.

15  *B. Reasonable Attorney's Fees*

16  The plaintiff seeks an award of reasonable attorney's fees and costs in the amount of which is
17 supported by the declaration of Thomas A. Leahy. Dkt. No.16, Ex. K. His declaration and billing
18 summary sets forth the fees incurred and costs in the amount of $7,575.50 and $415.00, respectively.
19 While the defendant opposes this award, no substantive or legally supportable reason is argued.
20 ERISA gives the Court authority to award attorney's fees and costs. 29 U.S.C. §1132 (g)(1).
21 *Hummell v. S.E. Rykoff & Co*, 634 F2d 446 (9th Cir. 1980) sets criteria for such an award:

22  (1) The degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing
    party to satisfy an award of fees; (3) whether an award of fees against the opposing party
23  would deter others from acting under similar circumstances, (4) whether the parties requesting
    fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a
24  significant legal question regarding ERISA and the relative merits of the parties' positions.

25

26 ORDER GRANTING SUMMARY JUDGEMENT - 6

1    All five factors in this Court's view favor an award of fees and costs. The defendant has
2  opposed the contribution required by the court-ordered audit and arguably invited this litigation.
3  While the plaintiff has not argued bad faith, it appears to the Court that the declaration of James
4  Sherrell demonstrates that Defendant Midland was fully aware of the contractual obligations adopted
5  by the Midland Transportation under the CBA and Trust Fund agreements. Accordingly, each of the
6  collateral estoppel factors are met, largely because this case is no more than an enforcement of the
7  underlying action which gave rise to the court-ordered audit in the first instance.

## IX.  CONCLUSION

9    For the reasons stated, the plaintiff's motion for summary judgment is GRANTED. Judgment
10 to the plaintiff is as follows: $21,364.00 for contributions, $5,592.80 for liquidated damages,
11 $9,786.79 for interest, $7574.50 for attorneys' fees and $415.00 for costs, for a total of $44,733.09.
12   DATED this 29th day of June, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

26 ORDER GRANTING SUMMARY JUDGEMENT - 7